IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TODD GIFFEN,

        Plaintiff,

        v.

MULTNOMAH COUNTY CIRCUIT COURT,
et al.,

        Defendants.
_____

Case. No. 6:18-cv-1846-MC

ORDER

MCSHANE, Judge:

    *Pro se* plaintiff Todd Giffen seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

    Giffen's complaint and exhibits consist of nearly 1,000 pages. Under rule 8 of the federal rules of civil procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Giffen requests one trillion dollars in

1 – OPINION AND ORDER

damages, his 1,000 page filing runs afoul of the rules. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Giffen's filing appears to be a collection of his research into a secret government "program known as Project Star Gate, which involves my body being irradiated 24/7, brain and organ functions manipulated, pain and injuries being inflicted continuously." Compl., 2. "Project Star Gate is a program that began in 1930, involving the use of satellites and military radar to remotely scan peoples brains and bodies from space, and imping their tissue with radiation signals." Compl., 2-3. While Giffen's filings are interesting, the court is unable to discern any actual claim against any of the named defendants. In addition to violating rule 8, dismissal is appropriate as Giffen's claims describe "fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

To the extent Giffen challenges adverse rulings in state court, those claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

As Giffen's complaint fails to state a claim, it must be dismissed. 28 U.S.C. § 1915(e)(2). IT IS SO ORDERED.

DATED this 17th day of December, 2018.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

2 – OPINION AND ORDER